(7 Misc. Rep. 421.)

TOOKER et al. v. BOOTH.

(City Court of New York, General Term. March 9, 1894.)

OPENING JUDGMENT BY DEFAULT—LACHES.

A judgment by default will not be opened on an application made six years after its entry, unless defendant gives a satisfactory explanation of his delay.

Appeal from special term.

Action by Joseph H. Tooker and others against Marion Booth. From an order granting a motion to open a default and vacate a judgment, plaintiffs appeal. Reversed.

Argued before VAN WYCK, McCARTHY, and NEWBURGER, JJ.

Michael J. Scanlan, for appellants.

Langbein Bros. & Langbein, for respondent.

NEWBURGER, J.　This action was commenced on the 15th day of December, 1886, by the service of the summons on the defendant. On the 16th day of December, 1886, defendant appeared by attorney. On the 12th day of October, 1887, the complaint was served on the defendant's attorney, and on the 12th day of December, 1887, judgment was entered herein by default, and execution was issued upon said judgment, and returned February 11, 1888.　In December, 1893, proceedings were instituted by plaintiffs for the examination of a third party in supplementary proceedings, it appearing that there was in the hands of such third party property sufficient to satisfy the judgment herein.　After the institution of these proceedings, defendant moved to open the default, vacate the judgment herein, and for leave to defend, which motion was granted, and from the order entered thereon this appeal is taken.

We think the motion should have been denied.　More than six years had elapsed since the entry of the judgment.　The explanation sought to be given by the defendant for the delay is not satisfactory.　It is apparent that the defendant's application is not prompted by a desire to defend, but rather from the fact that she is about to collect a legacy left her, and thus the plaintiffs' claim is now collectible.　The defendant's application was not made with that diligence that the law requires, (Wygant v. Brow, [Sup.] 7 N. Y. Supp. 490; Drummond v. Matthews, [City Ct. N. Y.] 17 N. Y. Supp. 726,) and should have been denied.　For these reasons the order appealed from should be reversed, and the motion to open default denied, with costs.　All concur.